UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>ATHENE, et al.,<br><br>    Defendants. | Case No. 23-cv-06369-TSH<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Terrance Turner, proceeding pro se, has filed a complaint and application to proceed in forma pauperis ("IFP"). ECF Nos. 1, 3. Having reviewed Turner's complaint and application, the Court issues the following order to show cause.

**A.  Vexatious Litigant Order**

On May 11, 2023, the United States District Court for the Northern District of Texas held, in *Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-0989-G-BK (N.D. Tex. May 11, 2023), that Turner was barred from filing future civil actions *in forma pauperis* in that District or in "any other federal court" without first obtaining leave of court to do so. The court noted that "any case filed, removed, or transferred without the applicable filing fee, in which he is the plaintiff, should not be reviewed . . . ." *Id.*; *see also Turner v. LegalMatch, et al.*, No. 3:23-CV-993-G-BK (N.D. Tex. May 11, 2023) (same).[1] Since that time, other federal district courts have dismissed Turner's

---

[1] In *Turner v. Food and Drug Admin.*, No. 3:23-CV-0987-X-BK, 2023 WL 4109782 (N.D. Tx. June 1, 2023), *report and recommendation adopted*, 2023 WL 4109721 (N.D. Tex. June 21, 2023), the court consolidated 16 pro se actions that Turner had filed before the bar was imposed, found them to be "both delusional and deficient," and dismissed them with prejudice as frivolous and malicious. The court noted that Turner had already filed more than 60 lawsuits throughout the United States during the last two years, and that other courts had found his pleadings to be "illogical and unintelligible." *Id.* at *1.

cases based on his failure to comply with this order.  *See, e.g.*, *Turner v. Automobili Lamborghini Am.*, 1:23-cv-8649-LTS (S.D.N.Y. Dec. 6, 2023) ("The Court dismisses this action without prejudice because Plaintiff failed to comply with the May 11, 2023 order of the United States District Court for the Northern District of Texas, which requires him to first obtain leave of court before bringing a new civil action IFP in any federal court.").

Accordingly, the Court **ORDERS** Turner to show cause by January 2, 2024 why he should not be deemed barred, under *Turner v. Trugreen Ltd. P'ship, et al.*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023), from filing this action IFP without prior leave of court.  If Turner does not file a declaration within the time allowed, or if the declaration does not show sufficient reason why the Court should not apply the bar, and if Turner does not pay the filing fee, the Court will recommend this case be dismissed on the ground that the May 11, 2023 order bars him from proceeding IFP in any district court without first obtaining leave of court.

**B.     Real Party in Interest and Standing**

The allegations in Turner's complaint do not appear to be about him.  Instead, he alleges he "is an affiliate of USSOCOM and The Federal Bureau of Investigations.  Federal Bar Appointee, INTERPOL SEC 431170989," and "is charged with filing lawsuits during the natural course of business and life restitution activities beyond personal whim, beyond personal will, is the subject of monitory per CIA AND USSOCOM directive and military intelligence clearance clandestine programs."  Compl. at 26,[2] ECF No. 1.  Turner alleges "[t]he victims are Anthony Biggins and Janet Menifee who are displaced from lodgings due to lack of income, lack of employment within the San Francisco, CA municipality lesser area, to the central instantiated territory of Oakland CA of which is validated and confirmed by the defendant's documents which purport the existence of a customer relationship with the victim, and ex-wife indicated as victim's family, and proxy in all negotiations and multiple business affairs, and definiete legal proxy."  Compl. at 4, ECF No. 1.

The general pro se provision set forth in 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."

---

[2] As there are multiple sets of page numbers in the complaint, the citations herein refer to the ECF page number.

While this provision allows Turner to prosecute his own actions, "[a] pro se plaintiff can only 'prosecute his own action in propria persona,' and 'has no authority to prosecute an action in federal court on behalf of others.'" *United States ex rel. Welch v. My Left Foot Children's Therapy, LLC*, 871 F.3d 791, 800 n.2 (9th Cir. 2017) (quoting *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1126 (9th Cir. 2007)); *see also* Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."). This rule "is intended to protect litigants and the court from vexatious and poorly drafted claims, and to ensure that litigants' rights are advanced by individuals bound by duties of competence and professional ethics." *D.K. ex rel. Kumetz-Coleman v. Huntington Beach Union High Sch. Dist.*, 428 F. Supp. 2d 1088, 1090 (C.D. Cal. 2006) (citing *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3rd Cir. 1998)). Given this rule, Turner has no authority to bring this case as a pro se plaintiff on behalf of Anthony Biggins and Janet Menifee.

Further, Turner's claims appear to fail as a matter of law because he did not suffer the injuries alleged in his complaint. A plaintiff only has legal standing to sue when he has suffered harm from the defendant's alleged wrongful conduct. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Specifically, to have standing, a party must establish that: (1) it suffered an "injury in fact;" (2) there is a causal connection between the injury and the allegedly wrongful conduct; and (3) the injury would likely be redressed by a favorable decision. *Id.* at 560-61. Because standing is a jurisdictional requirement, courts should sua sponte examine whether a plaintiff has met his burden of establishing standing. *Bernhardt v. Cty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *Lujan*, 504 U.S. at 561 ("[T]he party invoking federal jurisdiction has the burden of establishing [standing].").

As noted above, Turner's complaint rests entirely on events that are alleged to have happened to Anthony Biggins and/or Janet Menifee. Because Turner is not the one who suffered the alleged injuries, he does not have standing to pursue this action. *See Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members . . . which they purport to represent."); *see also Turner v. Kaweah Health Med. Ctr.*, 2023 WL 6851997, at *2 (S.D. Cal.

1  Oct. 17, 2023) (dismissing Turner's complaint for lack of standing where he sought to bring

2  claims on behalf of his clients); *Turner v. Eli Lily Co.*, 2023 WL 6851996, at *2 (S.D. Cal. Oct.

3  17, 2023) (same).

4  Accordingly, the Court **ORDERS** Turner to show cause by January 2, 2024 why this case

5  should not be dismissed for lack of standing. If Turner does not file a declaration within the time

6  allowed, or if the declaration does not show sufficient reason why he has standing to bring this

7  case, the Court will recommend this case be dismissed.

### C. In Forma Pauperis Application

Turning to Turner's IFP application, the Court notes the information he provides in this and the other cases he has filed in this District is not consistent. In this case, Turner states he was previously "fired" (without saying when) and that he has not received any business, profession, or self employment income in the past 12 months. However, in other cases filed this year, Turner states that clients pay him up to $2,000 to file these lawsuits and for other matters. *See, e.g.*, *Turner v. Factwise Health et al.*, 23-cv-03383-JSC (7/6/23 application); *Turner et al v. Methodist Hospital et al.*, 23-cv-03962-JSW (8/7/23 application); *Turner v. Federal Trade Commission et al.*, 23-cv-04518-PHK (8/31/23 application); *Turner v. Federal Trade Commission*, 23-cv-04518-PHK (8/31/23 application); *Turner v. Bristol Myers Squibb*, 23-cv-04558-AGT (9/5/23 application); *Turner v. California Casualty Group*, 23-cv-04622-LB (9/8/23 application). Turner also contradicts himself within the applications, stating he earned no income in the past 12 months but also stating he earned up to $6,000 per month at times during the year. *See, e.g., Turner v. Keller Williams Realty, Inc.*, 23-cv-05533-KAW (10/27/23 application); *Turner v. Mercury Group Corporation*, 23-cv-05553-KAW (10/27/23 application). In some applications, Turner states he has not worked since May, but in others he states he was still employed after that time. *See, e.g., Turner v. Dinan Recruiting*, 23-cv-03379-TLT (7/6/23 application); *Turner v. USCENTCOM*, 23-cv-03381-WHA (7/6/23 application). Turner's job history in the past year is also unclear. For instance, on October 27 Turner filed an application stating he "[j]ust got a new job with Go Velocity Merchant Services, first day of work is Monday, next week, and Wipro said they would hire me back as IT Project Manager for a New Brunswick, NJ location, waiting for onboarding to

4

start." *See Turner v. Mercury Group Corporation et al.*, 23-cv-05553-KAW. However, in an application filed two weeks later, Turner makes no mention of either position, once again stating he is not employed and has earned no income in the past 12 months. *See Turner v. Workers Compensation Appeals Board*, 23-cv-05950-SVK.

Proceeding in forma pauperis is a privilege, not a right. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). As such, other judges in this District have denied Turner's applications for providing inconsistent and confusing information, and they have subsequently dismissed his cases for failure to pay the filing fee. *See, e.g., Turner v. Valor Merchant Services Company*, 23-cv-03381-WHA ("Based on the information in the First and Second Applications, the Court finds that Plaintiff has failed to establish that he qualifies for in forma pauperis status because his responses continue to be too confusing and inconsistent to determine whether he is indigent."); *Turner v. USCENTCOM*, 23-cv-03387-TLT (same).

Based on the information Turner has provided in this and other IFP applications filed this year, it does not appear he is eligible to proceed in forma pauperis. Accordingly, the Court **ORDERS** Turner to show cause by January 2, 2024 why his IFP application should not be denied based on the discrepancies in the IFP applications filed in the following cases:

23-cv-03379-TLT, *Turner v. Dinan Recruiting et al.*
23-cv-03380-DMR, *Turner v. Wholesale Payments et al.*
23-cv-03381-WHA, *Turner v. Valor Merchant Services Company*
23-cv-03383-JSC, *Turner v. Factwise Health et al.*
23-cv-03384-CRB, *Turner v. Logos Technologies et al.*
23-cv-03385-JST, *Turner v. Stripe Payments Company et al.*
23-cv-03386-CRB, *Turner v. Booze Allen Hamilton*
23-cv-03387-TLT    *Turner v. USCENTCOM*
23-cv-03542-MMC, *Turner et al v. Argo Group et al.*
23-cv-03543-AGT, *Turner et al v. Salinas Valley Memorial Hospital et al.*
23-cv-03544-CRB, *Turner et al v. Rose, Klein & Marias et al.*
23-cv-03689-DMR, *Turner v. Los Angeles General Medical Center et al.*
23-cv-03692-AGT, *Turner v. Data Axle Genie et al.*
23-cv-03701-HSG, *Turner et al v. Lumio Home Services, LLC Lumio HX et al.*
23-cv-03962-JSW, *Turner et al v. Methodist Hospital et al.*
23-cv-04021-LB, *Turner et al v. Moreno et al.*
23-cv-04059-DMR, *Turner v. Massachusetts Bay Insurance Company et al.*
23-cv-04060-TLT, *Turner v. Golderg & Loren et al.*
23-cv-04061-AGT, *Turner v. Denovo Drilling*
23-cv-04062-PHK, *Turner v. Rimon Law et al.*

5

23-cv-04518-PHK, *Turner v. Federal Trade Commission et al.*
23-cv-04520-SK, *Turner v. Martindale-Nolo et al.*
23-cv-04558-AGT, *Turner v. Bristol Myers Squibb et al.*
23-cv-04622-LB, *Turner v. California Casualty Group*
23-cv-05533-KAW, *Turner v. Keller Williams Realty, Inc. et al.*
23-cv-05553-KAW, *Turner v. Mercury Group Corporation et al.*
23-cv-05950-SVK, *Turner v. Division of Workers' Compensation et al.*
23-cv-06118-AGT, *Turner v. Taboonsf, Inc et al.*
23-cv-06368-SK, *Turner v. Imprimus Label and Packaging, LLC*
23-cv-06369-TSH, *Turner v. Athene et al*.
23-cv-06473-NC, *Turner v. CAL Property Management*

If Turner does not file a declaration within the time allowed, or if the declaration does not sufficiently explain these inconsistencies, and if Turner does not pay the filing fee, the Court will deny the IFP application and recommend this case be dismissed.

**IT IS SO ORDERED.**

Dated: December 18, 2023

THOMAS S. HIXSON
United States Magistrate Judge